STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. PAUL POWERS T/A PAUL POWERS TRUCKING COMPANY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 22, 1977—Decided March 14, 1977.

Before Judges BISCHOFF, MORGAN and KING.

*Mr. Carl L. Taraschi,* attorney for appellant.

*Mr. Cornelius P. Sullivan,* Acting County Prosecutor, Attorney General-In-Charge, attorney for respondent (*Mr. Robert S. Joseph,* Special Deputy Attorney General, of counsel; *Mr. Franklin G. Vandegrift,* on the brief).

PER CURIAM. On two separate occasions defendant trucking company received a summons when a truck owned by it was found to be carrying a load in excess of the weight permitted for that type of vehicle pursuant to the provisions of *N. J. S. A.* 39:3–84. After a hearing in municipal court defendant was found guilty as charged and fined $595.20 for each offense. Defendant appealed to the Burlington County Court and after a trial *de novo* on the record was again found guilty.

Defendant appeals, contending that the particular provisions of *N. J. S. A.* 39:3–84, specifying both the amount of allowable weight as well as the method by which compliance with that statute is determined, are unconstitutionally vague and thus his convictions cannot stand.

The truck in question is a three-axled "dump truck" registered as a commercial vehicle to carry a maximum of 72,000 pounds of total weight upon the highways of this State. The gross weight of the truck on the date of these offenses was 68,800 pounds, within the gross weight limitation on the truck's registration. *N. J. S. A.* 39:3–84, how-

ever, imposes an additional weight limitation upon commercially registered vehicles:

> The gross weight imposed on the highway by the wheels of any one axle of a vehicle shall not exceed 22,400 pounds.
>
> For the purpose of this Title the gross weight imposed on the highway by the wheels of any one axle of a vehicle shall be deemed to mean the total load transmitted to the road by all wheels whose centers are included between two parallel transverse vertical planes less than 40 inches apart, extending across the full width of the vehicle.
>
> The combined gross weight imposed on the highway by all wheels of all axles whose centers are on or between two parallel transverse vertical planes spaced 40 inches, but less than 96 inches apart, extending across the full width of the vehicle, shall not exceed 34,000 pounds.

When defendant's truck was stopped by an inspector of the Division of Motor Vehicles, the inspector first determined how much weight the two rear axles of defendant's truck could lawfully bear in light of the above statutory provision by measuring the distance between the two rear axles. That distance was 54″. Since the 54″ distance was between 40″ and 96″, the limitation contained in the last of the above-quoted paragraphs of *N. J. S. A.* 39:3–84 applied and the inspector determined that those two axles and the wheels they supported could bear no more than 34,000 pounds of weight upon the highway. Upon actual weighing of those wheels it was determined that they were carrying over 58,000 pounds. Pursuant to *N. J. S. A.* 39:3–84.3, the inspector gave the driver an opportunity to redistribute the load so as to come within the weight limitations. When the driver stated that was impossible, the summonses were issued.

On this appeal defendant contends that the statute is unconstitutionally vague because it is impossible to tell from this statute whether the two parallel transverse planes mentioned therein should run parallel to the width or the length of the vehicle. Defendant argues that the insertion of the word "across" in the phrase "extending *across the full width of the vehicle*" means that the parallel trans-

verse vertical planes must run perpendicular to or at a right angle to the width of the vehicle, not parallel to the width of the vehicle but to its length. Hence, the distance referred to is in reality axle length. In support we are referred to the definition of the word "across" found in *Webster's Unabridged Dictionary* (3 ed. 1966), which defines that word to mean "to cross transversely, pass at an angle, from one side to the other."

Defendant's proffered construction of this statute is unacceptable and is productive of a confusion unmerited by the statutory language which we view as clear. Defendant places disproportionate emphasis upon the word "across" in the phrase describing the course of the two transverse vertical planes as "extending across the full width of the vehicle." The word "across" simply emphasizes that the planes extend the width of the vehicle. The word was not intended to suggest a right-angled transection of the plane running the width of the vehicle, resulting in the planes running the length of the vehicle. The language used will simply not bear that interpretation. Planes running parallel to the length of the vehicle would not include the centers of the wheels as the statutory language demands, or, at least, would render reference to the centers of the wheels meaningless. If the distances referred to simply measured axle length, the Legislature could simply have said so without resorting to the device of the distance between two parallel transverse vertical planes to measure permissible axle weight.

Defendant's remaining contentions lack merit.

Affirmed.